United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

Rachel M. Smith, Trial Attorney
RMS-7452

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. |
| v. | ) ) ) | COMPLAINT AND |
| INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, LOCAL 1694 | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Cecil Edwards who was adversely affected by such unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Cecil Edwards, age 58, was treated less favorably in the terms and conditions of his employment as compared to similarly situated younger employees when Defendant Union denied Mr. Edwards an opportunity to participate in a training program for which he was qualified. Instead, Defendant offered the training to two younger, similarly situated employees. As a result of the discriminatory practices, Mr. Edwards suffered backpay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§215 (a)(3), 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (The "Commission"), is the agency of the United States of America charged with administration, interpretation and enforcement of the Age Discrimination in Employment Act, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, International Longshoreman's Association, Local 1694, (the Union), has continuously been doing business in the State of Delaware and the City of Wilmington and has continuously had at least 15 employees.

5. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Section 11(c) of the ADEA, 29 U.S.C. § 630 (c).

## **STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Cecil Edwards filed a charge with the Commission alleging violations of the Age Discrimination in Employment Act of 1967. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September of 2003, Defendant Union has engaged in unlawful employment practices at its Wilmington, Delaware facility, by unlawfully subjecting Cecil Edwards to disparate treatment based upon his age in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b). These unlawful practices include, but are not limited to, the following:

(a) Defendant, International Longshoreman's Association, Local 1694 ("Defendant", "Local 1694," or "union") is a labor union and a member of the AFL-CIO (American Federation of Labor). Local 1694 represents the interests of its members, including referring employee members to employers for jobs. Mr. Edwards joined Local 1694 in 1976 as a laborer and longshoreman, and has been a member in good standing at all relevant times.

(b) As a longshoreman, Mr. Edwards's duties are to lift and unload the contents of ships when they are docked at the Port of Wilmington. Mr. Edwards has been performing these duties for Wilmington Stevedore (now Murphy Marine Service or "MMS") on an "as-needed" basis since he joined Local 1694.

(c) Workers use two types of cranes to perform these duties: a ship-based crane, which was operated from the ship itself, and a shore-based crane, which was operated directly from the port. Mr. Edwards was trained only on the ship-based crane.

(d) In the mid-1980's, Respondent instituted a mandate that union members receive training and certification in order to operate a shore based crane. Defendant Union was responsible for recommending employees for this training which would increase the employee's job availabilities and earning potential.

(e) Since the requirement came into effect, Mr. Edwards repeatedly expressed interest in obtaining the necessary training from both Defendant and MMS officials.

(f) Each time training opportunities occurred, Defendant Union denied him the opportunity.

(g) On various occasions, Mr. Edwards personally informed Mark Wilson, Defendant's Business Agent, Wilson Downes, President of Local 1694, and current Vice President, Todd Butler, that he wanted to train on the shore-based cranes. He was never given a response.

(h) In 2003, when Mr. Edwards was approximately 57 years old, he advised an MMS superintendent that he should be able to train "on the job" because Defendant Union had not selected him for the training. The superintendent responded that the union was aware of his request to receive the training, but that it was not "ready" to recommend him.

(i) In September of 2003, another training opportunity became available. Mr. Edwards again went to Mark Wilson, Defendant's Business Agent, to express his interest in the training. At that time, Wilson was responsible for recommending union members for the training. Wilson's response to Mr. Edwards was that he and the employer, MMS, were "looking for younger men to train to replace those workers nearing retirement."

4

(j) Stunned by Wilson's response, Mr. Edwards filed a grievance against the union. At the grievance hearing, which was recorded on audiotape, Wilson restated his position that he was seeking younger men for the certification training.

(k) Wilson selected Antonio Bailey and Allen Woody for the September 2003 training, who were ages 45 and 46 respectively, and significantly younger than Mr. Edwards.

(l) Presently, Defendant's executive board is responsible for selecting union members for training. Despite Defendant's assurances to the contrary, to date, Mr. Edwards has not been selected for training.

8. The effect of the practices complained of in paragraphs 7(a) through (l) above has been to deprive Cecil Edwards of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9. The unlawful employment practices complained of in paragraphs 7(a) through (l) above were intentional.

10. The unlawful employment practices complained of in paragraphs 7(a) through (l) were done with malice or with reckless indifference to the federally protected rights of Cecil Edwards.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Union, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination, harassment, and retaliation and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.      Order Defendant Union to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Union to make whole Cecil Edwards by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-placement into the next available training program, or front pay, in lieu thereof, if placement is not feasible.

D.      Order Defendant Union to make whole Cecil Edwards by providing compensation for past and pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) through (l) above, including medical expenses and out of pocket costs, in amounts to be determined at trial.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ERIC S. DRIEBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**JACQUELINE H. MCNAIR**
Regional Attorney

_____
**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

_____
**RACHEL M. SMITH**
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642; (215) 440-2828 (FAX)

UNITED STATES ATTORNEY
DISTRICT OF DELAWARE
COLM F. CONNOLLY

_/s/ Rudolph Contreras_

RUDOLPH CONTRERAS
Assistant United States Attorney
Chief, Civil Division
1007 N. Orange Street
Suite 700
Wilmington, Delaware 19899-2046
(302) 573-6277 ext. 154
Rudolph.Contreras@usdoj.gov