IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | 05-628 (SLR) |
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1694, | : | |
| Defendant. | : | |

**ANSWER TO COMPLAINT**

AND NOW comes Defendant International Longshoremen's Association, Local 1694 ("Union"), by and through its undersigned counsel, and responds to the averments of the complaint filed in this matter by Plaintiff Equal Employment Opportunity Commission ("EEOC") as follows:

1 – 2. It is admitted that this court has jurisdiction over the parties and the alleged cause of action, and that venue properly lies in this court.

3. Admitted.

4. It is admitted that the Union exists and conducts business in the State of Delaware; it is specifically denied that the Union, at any time, has had 15 or more employees.

5. Admitted.

6. Admitted.

7. It is denied that the Union has engaged in unlawful employment practices, and it is specifically denied that the Union has subjected Cecil Edwards ("Mr. Edwards")

to disparate treatment based on his age, or that the Union has otherwise violated any provision of the Age Discrimination in Employment Act of 1967, as amended ("ADEA).

    (a)    Admitted.

    (b)    Admitted.

    (c)    Admitted.

    (d)    Denied as stated. It is admitted that, for many years, longshoremen have been required to receive training before operating shore-based cranes in the Port of Wilmington. It is denied that the Union "instituted a mandate" requiring such training. It is admitted that the Union is jointly responsible, in conjunction with the stevedore employers in the Port of Wilmington, for recommending individuals to participate in shore-based crane training. It is admitted that such training *might* increase an individual's "job availabilities and earning potential."

    (e)    It is specifically denied that Mr. Edwards repeatedly expressed interest to Union officials in obtaining training in the operation of shore-based cranes. After reasonable investigation, the Union is without sufficient information to admit or deny the averment that Mr. Edwards "repeatedly expressed" such interest to officials of Murphy Marine Services.

    (f)    Denied.

    (g)    Denied.

    (h)    After reasonable investigation, the Union is without sufficient information to admit or deny the averments of this paragraph.

    (i)    Denied.

(j)     Denied as stated.  It is admitted that Mr. Edwards filed a grievance with the Union on or about September 12, 2003 protesting that he had not been selected for training.  It is further admitted that a hearing on Mr. Edwards' grievance was held and that an audiotape of that meeting was made, a copy of which is in the possession of Plaintiff EEOC;  the statements recorded on the audiotape speak for themselves.

(k)     Denied as stated;  it is admitted that Antonio Bailey and Allen Woody were selected for training on shore-based cranes in the Fall of 2003;  it is denied that Mr. Wilson was solely responsible for their selection, inasmuch as the employer, Murphy Marine Services, participated in that decision as well.  It is admitted that Messrs. Bailey and Woody are younger that Mr. Edwards.  The remaining averments of this paragraph are denied.

(l)     Denied as stated.  It is admitted that the Union, in conjunction with the stevedore employers in the Port of Wilmington, selects individuals for training on shore-based cranes.  It is denied that the Union's executive board is solely responsible for participating in that process.  It is admitted that Mr. Edwards has not been selected for training on shore-based cranes since the Fall of 2003 inasmuch as their is currently no need for additional shore-based crane operators in the Port of Wilmington and, consequently, no additional training has been held.

8.   Denied.

9.   Denied.

10.  Denied.

## AFFIRMATIVE DEFENSES

1. The instant action is insufficient as a matter of law inasmuch as Mr. Edwards, the individual on whose behalf EEOC brings this action, has not suffered any cognizable harm, and has suffered no damages.

2. The instant action must be dismissed for failure to join as an indispensable part Murphy Marine Services, the employer which is jointly responsible with the Union for selecting individuals for training on shore-based cranes; without its participation as a party to this action, this court will not have the ability to afford the relief requested on behalf of Mr. Edwards.

WHEREFORE, Defendant Union respectfully requests entry of judgment in its favor, and that the EEOC be required to pay the Union's costs of defending this action, including its reasonable attorney fees.

        Respectfully submitted,

        FREEDMAN and LORRY, P.C.


By:_____/s/_____
    WILLIAM H. HALLER
    400 Market Street, Suite 900
    Philadelphia, PA  19106-2509
    (215) 931-2560

    Attorney for Defendant
    *Pro hac vice* admission pending
    pursuant to D.Del. L.R. 83.5(e)

Dated:  October 3, 2005

## CERTIFICATE OF SERVICE

I, William H. Haller, hereby certify that I have this day served a true and correct copy of the foregoing answer to complaint upon:

**BY HAND DELIVERY:**
Rachel M. Smith, Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse, Suite 400
21 South Fifth Street
Philadelphia, PA  19106

**BY FIRST-CLASS MAIL:**
Rudolph Contreras, Assistant U.S. Attorney
Office of the United States Attorney
1007 North Orange Street, Suite 700
Wilmington, DE  19899-2046

                                               /s/
                                        WILLIAM H. HALLER
                                        Freedman and Lorry, P.C.
                                        400 Market Street, Suite 900
                                        Philadelphia, PA  19106-2509
                                        (215) 931-2560

Dated:  October 3, 2005