(Pursuant to Local Rule 37.1)

# **EXHIBIT 1**:

## PLAINTIFF, EEOC'S  FIRST SET OF INTERROGATORIES ADDRESSED TO DEFENDANT



United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

Rachel M. Smith, Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )Civil Action No. 05-CV-0628 (SLR)
                                      )
          Plaintiff,                  )
                                      )PLAINTIFF EEOC'S FIRST SET OF
          v.                          )INTERROGATORIES
                                      )
INTERNATIONAL LONGSHOREMAN'S          )
ASSOCIATION, LOCAL 1694               )
                                      )
          Defendant,                  )


To:    William Haller, Esq.
       Freedman & Lorry, P.C.
       1601 Market Street, 2nd Floor
       Philadelphia, PA 19103

       Susan Kaufman, Esq.
       Heiman, Gouge & Kaufman, LLP
       800 King Street, Suite 303
       P.O. Box 1674
       Wilmington, DE 19801
       Attorneys for Defendant

       **PLEASE TAKE NOTICE** that Plaintiff, the Equal Employment Opportunity

Commission, requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that

Defendant, International Longshoreman's Association, Local 1694 ("Local 1694" or

"Defendant") an officer or agent thereof, answer under oath and respond within thirty (30) days

after service hereof the following first set of written interrogatories.

In answering, the Defendant is requested to identify separately and in a manner suitable for a Rule 34 Request for Production of Documents for Inspection and Copying, Federal Rules of Civil Procedure, and for use in a subpoena, all sources of information, whether human, documentary, computer tapes, card decks, memory core or other recording, and all records maintained by the Defendant or any other person or organization at any location, office or facility, on which the Defendant relies upon in answering the interrogatories or which pertains or relates to the information called for by the interrogatories.

In lieu of identifying particular documents when such information is requested, said document may, at the option of the Defendant, be attached to the response to those interrogatories.

The Defendant is requested to answer these interrogatories by or through any of their duly authorized officers or agents who are competent to testify on its behalf, and who know or who had access to such information to which the interrogatories are directed. Further, it is requested that copies of the answers by Defendant, served upon the undersigned counsel, either by mailing or delivering such answers and documents to the office of the Plaintiff within the period of time provided for by the Rules of Court at the following address:

Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
ATTN: Rachel Smith, Trial Attorney

The Defendant is hereby requested to seasonably supplement its response to these first set of interrogatories and request for documents pursuant to Federal Rules of Civil Procedure Rules 26(e)(1) and (2).

For the purpose of these interrogatories, the following definitions shall apply:

(a) "Defendant", or "employer" shall mean International Longshoreman's Association, Local 1694, (hereinafter, "Local 1694") and all present and/or former directors, officers, employees agents, representatives, and all other persons acting with, for, or on behalf of the employment organization.

(b) "Document" shall mean any written, printed, typed, computerized, programmed or graphic matter of any kind of nature, however produced or reproduced, and all mechanical or electronic sound recordings, or transcripts thereof, however produced or reproduced, including but not limited to memoranda, reports, envelopes, handwritten notes both in drafts and final forms, notes of telephone conversations and conferences, studies, analyses, bulletins, instructions, inter- and intra-office communications, photographs and all forms and means of data compilations and recordings.

(c) "Identify" or "specify" shall in each instance mean as to a person or persons to state his or her full name, present or last known business or residence address, his or her employer, the title of the position or positions held with the Defendant, a description of the job responsibilities of each such person, his or her employment dates, and present or last known telephone number.

(d) "Identify" or "specify" shall in each instance mean as to a document, that the document should be identified with sufficient specificity to form the basis of a Rule 34 of the Federal Rules of Civil Procedure request, including the date, author, type of document (e.g. letter, memorandum, telegram, chart, sound reproduction, etc.), and the present location and custodian of the document. If any such document was, but is no longer in your possession or subject to your control, or in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others or (d) otherwise

disposed of and in each instance explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof.

(e) "Job" shall mean any position of employment either presently in existence or previously in existence at the Defendant's facility, whether held on a part-time, temporary or permanent basis.

(f) "Job title" or "job classification" shall mean the name of the position an employee fills or of the job an employee does.

(g) "Pay" includes salary plus any type of commission or bonus above and beyond that of the employee's normal salary or hourly rate of pay.

(h) "Policy" shall mean any procedure, practice, or established course or action, whether formal, informal, written, verbal, expressed, implied or understood.

(i) "Rate of pay" or "salary" shall include the weekly compensation, salary or, if paid by the hour, the hourly rate.

(j) "Seniority date" means date of hire.

(k) "Personnel file" means any "personnel information" kept by the Defendant in the regular course of its business with respect to a particular employee, whether the employment status of said employee is active or inactive.

(l) "Supervisor" or "supervisory individual" shall include any person who is responsible for an individual or a group of people.

(m) "Subordinates" include those people who are inferior in rank or position to the person being compared.

(o) Since the response to these interrogatories will be made by an officer or agent of the Defendant, the person making said response shall use or furnish such information as is available

to the Defendant, including information which is known by, or in the custody of, any of the Defendant's representatives, attorneys, agents, officers or employees.

(p) If an interrogatory cannot or will not be responded to in full, either because of lack of information or the existence of an alleged privilege, or for any other reason, the interrogatory should be answered to the greatest extent possible, and that part of the interrogatory not being answered should be identified specifically along with the reason(s) for not being responded to more completely.

(q) Throughout these interrogatories, the use of the singular of any word, term or concept shall always include the plural thereof, and vice versa, and any gender and tense shall always include the other, unless the context indicates otherwise.

1.    Your General Obligations.  You are obligated to answer this discovery in strict compliance with the Federal Rules of Civil Procedure.  Among other things, those rules require that you answer these interrogatories fully, after making a reasonably diligent factual inquiry into the subject matter of the question.  Your answers should include all information in your possession or to which you have access, regardless of the source.

2.    Time Frame.  Unless otherwise specified, these interrogatories cover the time period of August, 2003 to the present.

3.    Investigations.  Under the Federal Rules, you have an obligation to conduct a reasonably diligent search and investigation to obtain information necessary to answer this discovery.

4.    Scope of Answers. If you have information responsive to a question, but cannot verify its truthfulness, then provide the information you have and identify the source from which you obtained the information. If you cannot answer a question fully because of a lack of information,

answer as completely as you can and explain: (a) the scope of your search or investigation; and (b) why you cannot fully answer the inquiry.

5.    <u>Amendments</u>.   Under the Federal Rules, you have a duty to seasonably amend any answers to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

6.    <u>Privilege</u>.   You bear the burden to justify any claimed privilege that you assert in response to this discovery.  If you fail to respond fully to any question based on a claim of privilege, then state: (a) the legal basis for your claimed privilege; and (b) the factual basis on which you rely to support your claimed privilege.

7.    <u>Objections</u>.   You bear the burden to justify any objection that you assert in response to this discovery.  If you object to any question, whether in whole or in part, then state: (a) the legal basis for each objection you raise; and (b) the factual grounds on which you rely to support each objection.

Respectfully submitted,

**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

**RACHEL M. SMITH**
Trial Attorney

Dated: January 10, 2006

## **INTERROGATORIES**

1.    State specifically and describe in full detail the process by which Defendant selects
participants in the training program to certify members of Local 1694 on the C-4 and C-5
crane equipment located in Wilmington, DE from August, 2003 to the present. State the
name, address, business telephone number, job title and age of each and every person
responsible for, or who had any involvement whatsoever in the recommendation and/or
decision to select individuals for the certification training program. **Attach** hereto all
documents regarding the same.

2.    State with full and complete detail whether or not the following individuals were selected
      for and participated in the certification training program identified in Interrogatory No.1
      and if so, when the individual was selected for and attended the training. For each person
      listed, state his age; position; dates and time period when working on the specialized
      cranes (if applicable); increase in earnings (if applicable); any and all other benefits
      associated with working on the C-4 and C-5 cranes for Murphy Marine Services; the last
      known address and telephone number; and if the individuals are still employed by Local
      1694 or Murphy Marine Services and if not, the reasons why they are no longer
      employed:

      (a)    Cecil Edwards
      (b)    Anthony Bailey
      (c)    Allen Woody
      (d)    John Turner

**Attach** hereto all documentation regarding the same.

3.       Set forth in full and complete detail the full factual knowledge of the individuals identified in Defendant's Rule 26 (a) Disclosures, including but not limited to who has knowledge of any occurrence, event, fact or circumstances either upon which any of your defenses are founded, and/ or which relate to the allegations in the Complaint, specifying the occurrence, or circumstance each such person was a witness or has knowledge thereof and state the name and address of each person.

4.    State whether you intend to rely upon any statements obtained from any person or entity not a party to this action; and if so, state the identity of the person or entity making such statements, the substance of the statement, to whom it was made and identify and **attach** all documents containing such statements.

5.    Identify each person who will be or may be called to testify on behalf of Defendant at
       trial of this matter. For each such person, state the individual's name, address, telephone
       number, title and position, dates of employment at such position, substance of person's
       anticipated testimony, subjects which the person is expected to address; and all
       documents, studies, data or other evidence on which the person is expected to rely (and
       **attach** copy of same).

6.    Identify by name, address and last known telephone number, every employee and/or
       former employee who formally complained about age discrimination verbally or in
       writing, at Defendant's facility in Wilmington, Delaware for the period of 2003 to the
       present. Specifically, state the date of the complaint, all pertinent facts, and describe the
       investigation and disciplinary action, if any, taken as a result of the complaint;       identify
       every person who participated in the investigation of each such complaint identified
       above and every individual interviewed as part of any investigation conducted into any
       allegation or complaint identified above. **Attach** hereto all such written complaints,
       investigative notes or documents pertaining to any investigation of these complaints.

7.    Has Defendant ever had a written policy prohibiting age discrimination? If so, set forth the substance and full content of each such policy for calendar years 2003 to the present; state the manner by which the policy was disseminated to employees, and provide the name, address, position title, and age of the person(s) responsible for creating, implementing, disseminating, and training managers, supervisors, and/or employees on the policy for the calendar years 2003 to the present. If any changes have been made to the policy between August 2003 and the present, state the nature of any and all changes and when those changes were made.

8.  Set forth the Defendant's gross income, net income, liability, and expenditures for each year from 2003 to the present.

9.      Identify and describe every component of salary and benefits Cecil Edwards has received
        until the present date including, but not limited to, salary history, information regarding
        Defendant's contribution to Mr. Edward's pension plan, medical insurance, life
        insurance, if any, or any other monetary or non-monetary benefit of employment Mr.
        Edwards received while employed by Defendant. **Provide** all appropriate documents.

10.    Set forth all facts Defendant will rely upon in support of its denials and contentions set forth in its Answer including but not limited to the full factual basis for Defendant's claims in its Affirmative Defenses.

11.    Identify the person or persons who answered or assisted in answering each of these interrogatories and specify which interrogatory or interrogatories each such person answered or assisted in answering.

Respectfully submitted,

**JUDITH O'BOYLE**
Supervisory Trial Attorney

*Rachel M. Smith*

**RACHEL M. SMITH**
Trial Attorney
U.S. EEOC
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

DATED: January *10*, 2006

## **CERTIFICATION**

I hereby certify that the foregoing statements, to the extent that they are based on my personal knowledge, are true.  To the extent that these answers are not based upon my personal knowledge, but rather upon records and recollections of employees of International Longshoreman's Association, Local 1694, I am informed and believe them to be true.


_____

Local 1694 Representative


Dated:_____