(Pursuant to Local Rule 37.1)

# EXHIBIT 2:

# PLAINTIFF, EEOC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT

U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street, Suite 400
Philadelphia, PA 19106-2515



Rachel M. Smith
Counsel for Plaintiff, EEOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> ) <br> **Plaintiff.** ) <br> ) <br> v. ) <br> ) <br> **INTERNATIONAL LONGSHOREMAN'S** ) <br> **ASSOCIATION, LOCAL 1694** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 05-CV-628 (SLR) <br><br> **PLAINTIFF EEOC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

To:  William Haller, Esq.
     Freedman & Lorry, P.C.
     1601 Market Street, 2nd Floor
     Philadelphia, PA 19103

     Susan Kaufman, Esq.
     Heiman, Gouge & Kaufman, LLP
     800 King Street, Suite 303
     P.O. Box 1674
     Wilmington, DE 19801

Attorneys for Defendant

**PLEASE TAKE NOTICE** that Plaintiff, the U.S. Equal Employment Opportunity Commission, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant, International Longshoreman's Association, Local 1694, (hereinafter "Defendant"), produce within 30 days from the date of service, the documents and records identified and listed on the attached Request for Documents. Said documents and records shall be made available to

Plaintiff by mailing same to the following address: United States Equal Employment Opportunity Commission, Legal Unit, Philadelphia District Office, 21 S. 5th Street, Suite 400, The Bourse Building, Philadelphia, PA 19106, Attn: Rachel M. Smith, Trial Attorney.

For purposes of this Request for production of documents, the following definitions shall apply:

**"Document"** and **"record"** shall mean any written, printed, typed, or other graphic matter of any kind or nature without limitations, including notes and records of any oral communications, all mechanical and electronic sound recordings or transcripts thereof, and all computer cards, tapes, printouts, memory cores or similar data sources, in the possession or control of the Defendant, at any location, site, place or plant, or its officers, agents, representatives, or employees, or known by Defendant to exist, as well as all copies of documents by whatever means made.

For the purposes of this Request for Production of Documents, the following instructions shall apply:

(a) "Defendant" or "Employer" shall mean, International Longshoreman's Association, Local 1694 (hereinafter, "Defendant," or "Local 1694"), its present and former officers, directors, employees, agents, representatives, and all other persons acting with, for or on behalf of Local 1694.

(b) Since the response to the Request for Production of Documents will be made by an officer or agent of Defendant, the person making said response shall furnish such records and documents as available to Defendant, including such records and documents known by or in the custody of any of Defendant's representatives, attorney, agents, officers or employees;

(c) If any Request for Production of Documents cannot or will not be responded to fully, either because of lack of information or existence of an alleged privilege, or for any other reason, the documents and records should be produced to the greatest extent possible, and that part of the documents not being produced should be identified specifically along with the specified reason(s) for the inability to respond more completely;

(d) The within request for the Production of Documents shall be construed as requesting the production of each and every document identified and listed on the attached Request for Documents.

2

(e)     In the event that any document is no longer in your possession or control, or is no longer in existence, state whether it is missing or lost, destroyed, transferred voluntarily or involuntarily to others and if so, to whom, or otherwise disposed of and in each instance explain the circumstances surrounding any authorization for such disposition thereof and state the approximate date thereof. If any such document is currently in the custody of someone or some entity other than Defendant, identify the custodian of such document by stating name, title, organization, address and telephone number.

(f)     The time period covered by these requests for production is August 1, 2003 to the present, unless otherwise specified in any request.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents which relate to, regard, or reflect the information requested in Plaintiff's First Set of Interrogatories.

2. Produce any and all documents, videotapes and audiotapes in Defendant's possession, custody or control which relate to or regard the claims and defenses asserted in Civil Action Number 05-CV-0628.

3. Produce any and all files, including personnel files, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Mr. Cecil Edwards; Anthony Bailey; Allen Woody; and John Turner.

4. Produce any and all documents which relate to, regard or reflect Defendant's policies, practices or procedures, including but not limited to employee handbooks, which were in effect during the time period from August 1, 2003 to the present.

5. Produce any and all documents which refer to or reflect complaints, allegations or grievances regarding employment discrimination, including but not limited to complaints of age discrimination, made by any employee or former employee of Defendant from August 1, 2003 to the present.

6. Produce any and all documents which refer to or reflect actions taken by Defendant in response to any complaint, allegation or grievance regarding employment discrimination made by any employee or former employee of Defendant, from August 1, 2003 to the present.

7. Produce any and all anti-discrimination policies, including but not limited to those regarding age discrimination.

8. Produce any and all documents referring to, regarding or relating to any and all training on the Age Discrimination in Employment Act.

9. Produce any and all written statements obtained from any witness containing information relevant to the subject matter of this lawsuit, whether under oath or otherwise.

10. Produce any and all documents and/or policies that reference the company policy in relation to selecting employees for the certification training program on the C-4 and C-5 cranes.

11. Produce any and all documents that reference the Defendant's policies on schedules and assignments of duties including but not limited to assignments to Anthony Bailey, Allen Woody, and John Turner to work on cranes for which they received specialized

4

certification (if applicable). Also include the policies which identify individuals responsible for determining schedules and assignments of duties.

12. Provide all appropriate documents that identify and describe every component of the compensation package that Mr. Edwards has received until the present date including, but not limited to, salary, benefits, pension, medical insurance, life insurance, vacation, sick leave, and/or any other monetary or non-monetary benefit of employment Mr. Edwards received while employed by Defendant.

13. Produce a copy of all documents which relate to, reflect or regard Defendant's revenues and liabilities for each year from 2003 to the present.

14. Produce a copy, to the extent that such documents were not produced in response to one of the foregoing requests for production, of all of Defendant's tax returns for every year from 2003 and 2004.

15. Produce a copy of all documents which relate to, reflect or regard the projected earnings for Defendant in 2005.

16. All calendars, diaries, date books, and appointment books maintained by Mark Wilson, Business Agent, from August 2003 until the present.

17. All documents used in, referred to, or consulted in preparing the documents produced by Defendant in its Initial Disclosures.

18. All documents identified by Defendant in its Initial Disclosures.

19. To the extent not produced in response to one of the foregoing requests, all files, including personnel files, pay schedules and/or earnings statements, work schedules and assignments, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Cecil Edwards.

20. To the extent not produced in response to one of the foregoing requests, all files, including personnel files, pay schedules and/or earnings statements, work schedules and assignments, employee files, and other relevant documents, in the custody, control or possession of Defendant which relate, refer to or pertain in any way to Anthony Bailey, Allen Woody, and John Turner.

21. All written statements obtained from any witness containing information relevant to the subject matter of this lawsuit, whether under oath or otherwise.

22. All drafts or preliminary versions of any reports Defendant has obtained from any expert witness whom it will or may call to testify at trial.

23. All documents and reports including all drafts thereof, prepared by or for any witness who will or may provide expert testimony, opinions or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

24. All documents that you sent or caused to be sent to, that you showed or caused to be showed to, or that were considered, reviewed, viewed, or relied upon in any way by any witness who will or may provide testimony, opinions, or evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Respectfully submitted,

**JUDITH A. O'BOYLE**
Supervisory Trial Attorney

*January 10, 2006*
DATE

*Rachel M. Smith*
**RACHEL M. SMITH**
Trial Attorney
U.S. EEOC
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

6

## CERTIFICATE OF SERVICE

I, Rachel M. Smith, counsel for Plaintiff, hereby certify that on this 10th day of January, 2006, a true and correct copy of the foregoing Plaintiff EEOC's First Set of Interrogatories and Requests for Production of Documents to Defendant International Longshoreman's Association, Local 1694 was sent to the following:

<u>By Regular US Mail</u>

William Haller, Esq.
Freedman & Lorry, P.C.
1601 Market Street, 2nd Floor
Philadelphia, PA 19103

Susan Kaufman, Esq.
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19801

Attorneys for Defendant

January 10, 2006
DATE

Rachel M. Smith
**RACHEL M. SMITH**
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642