IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 05-00628 ) ) |
| INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, LOCAL 1694 | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

A.     This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on August 29, 2005, against International Longshoreman's Association, Local 1694 ("ILA, Local 1694") to enforce provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"). The EEOC filed this ADEA lawsuit on behalf of Cecil Edwards, alleging that ILA, Local 1694 discriminated against him on the basis of his age when it denied him the opportunity to participate in a training program for which he was qualified.

B.     This Consent Decree is entered into by and shall be final and binding between the EEOC and Defendant, ILA, Local 1694, its directors, officers, agents, employees, successors or assigns (hereinafter collectively referred to as "Defendant" or "ILA, Local 1694").

C.     The EEOC and ILA, Local 1694 agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 05-00628. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-DISCRIMINATION AND NON-RETALIATION**

1.     This Court has jurisdiction over the parties and subject matter of this action.

2.     ILA, Local 1694 agrees to comply fully with all the provisions of the ADEA and will avoid engaging in any employment practices which operates to discriminate against employees or deny equal opportunities to any employee or applicant for employment in violation of the ADEA.

3.     ILA, Local 1694 agrees that it shall not engage in any employment practices which retaliate in any manner against any person because of that person's opposition to any practice made an unlawful employment practice under the ADEA or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under the ADEA.

4.     ILA, Local 1694 shall not divulge to any identifiable employer or potential employer of Cecil Edwards any of the facts or circumstances related to the claims of age discrimination against ILA, Local 1694 in this case or any of the events relating to his participation in the litigation of this action.

5.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of ILA, Local 1694 under the ADEA or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against ILA, Local 1694.

**MONETARY RELIEF**

6.      Defendant agrees to pay monetary relief in the total amount of $10,000.00 to Cecil Edwards, in full settlement of the claims against Defendant which were raised in the Commission's Complaint within 30 days of receiving the Release.  The check shall be mailed to Cecil Edwards, at 38 March Drive, Ronoake Rapids, NC 27870 by certified mail, return receipt requested.  Defendant will mail a photocopy of the check to the EEOC, to the attention of Rachel M. Smith, Trial Attorney, EEOC, The Bourse, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515, within five days of the date of mailing of the check to Mr. Edwards.

**POSTING OF NOTICE**

7.      Within 45 days after entry of this Decree, ILA, Local 1694 shall post at all its facility in Wilmington, Delaware, on all bulletin boards, used by ILA, Local 1694 for communicating with employees, same-sized copies of the Notice attached as Exhibit 1 to this Decree.  The Notice shall remain posted for two (2) years from the date of entry of this Decree. ILA, Local 1694 shall provide to the attention of Rachel M. Smith, Trial Attorney, EEOC, 21 South Fifth Street Suite 400, Philadelphia, PA 19106-2515, a list of the locations and dates of posting in each location within 40 days after entry of this Decree.  If posted copies become defaced, removed, marred or otherwise illegible, ILA, Local 1694 agrees to post a readable copy in the same manner as heretofore specified.

## NON-DISCRIMINATION POLICIES AND COMPLAINT PROCEDURES

8. ILA, Local 1694's policy or policies against age discrimination and complaint procedures shall be drafted in plain and simple language. ILA, Local 1694 shall ensure that its policy or policies against age discrimination and related complaint procedures meet the following minimum criteria:

(a) provide that the complaints of age discrimination, harassment and/or retaliation can be made either in writing or verbally; (ii) identify officers to whom an employee can make a complaint; and (iii) provide assurances that complainants shall not be subjected to retaliation;

(c) provide for prompt investigation of complaints of discrimination ;

(d) provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed; and

(e) ILA, Local 1694 will revise its existing age discrimination policies to advise employees of their right to file a charge with the EEOC and to provide the address and phone number of the EEOC.

9. ILA, Local 1694 shall distribute its non-discrimination policy to all of its members in Wilmington, Delaware.

10. Within 120 days after entry of this Consent Decree, ILA, Local 1694 shall advise Rachel M. Smith, Trial Attorney, EEOC's Philadelphia District Office, that its policy or policies against age discrimination have been distributed to all current members at its facilities in Delaware and that new members in Delaware will receive these policies.

## TRAINING

11. ILA, Local 1694 shall provide training on the requirements of the ADEA as follows:

    (a) ILA, Local 1694 agrees to provide annual training sessions once annually in calendar years 2006, and 2007. This training will be for the Executive Board in ILA, Local 1694's Wilmington, Delaware location which will emphasize what constitutes age discrimination, how to keep Local 1694 free from such discrimination and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination. The training sessions will be conducted by a representative designated by ILA, Local 1694 and approved by the EEOC.

    (b) ILA, Local 1694 shall first provide training in accordance with Paragraph 13(a) by no later than 120 calendar days after entry of this Consent Decree.

## DISPUTE RESOLUTION

12. In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

13. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

14. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of ILA, Local 1694 in their capacities as representatives, agents, directors and officers of ILA, Local 1694 and not in their individual capacities.  This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

15. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 05-00628.

16. This Consent Decree shall be filed in the United States District Court for the District of Delaware and shall continue in effect for two (2) years.  The Court shall retain jurisdiction over this case in order to enforce the terms of the Decree

19. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

    Ronald S. Cooper
    General Counsel

    James L. Lee
    Deputy General Counsel

    Gwendolyn Young Reams
    Associate General Counsel
    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 L Street, NW
    Washington DC 20507

*/s/ Susan A. Murray, Esq.*  
Susan A. Murray, Esq.  
Freedman & Lorry, P.C.  
1601 Market Street, 2nd Floor  
Philadelphia, PA 19103  
Attorney for the Defendant  


*/s/ Susan E. Kaufman, Esq.*  
Susan E. Kaufman, Esq.  
Heiman Gouge & Kaufman, LLP  
800 King Street  
Wilmington, DE 19801  

*/s/ Jacqueline H. McNair*  
Jacqueline H. McNair  
Regional Attorney  


*/s/ Judith A. O'Boyle*  
Judith A. O'Boyle  
Supervisory Trial Attorney  

*/s/ Rachel M. Smith*  
Rachel M. Smith  
Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
Philadelphia District Office  
21 S. 5th Street, Suite 400  
Philadelphia, PA 19106  
(215) 440-2642  


By the Court: _____     Date: _____  
        HON. SUE L. ROBINSON, CHIEF JUDGE  
        UNITED STATES DISTRICT COURT

**EXHIBIT 1**

<u>NOTICE TO ALL INTERNATIONAL LONGSHOREMAN'S ASSOCIATION, LOCAL 1694
MEMBERS AND OFFICERS</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court for the District of Delaware in <u>EEOC v. ILA, Local 1694</u>, Civil Action Number 05-00628, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against International Longshoreman's Association, Local 1694, ("ILA, Local 1694.")

The Age Discrimination in Employment Act of 1967 (ADEA) protects individuals who are 40 years of age or older from employment discrimination based on age. The ADEA's protections apply to both employees and job applicants. Under the ADEA, it is unlawful to discriminate against a person because of his/her age with respect to any term, condition, or privilege of employment, including hiring, firing, promotion, layoff, compensation, benefits, job assignments, and training. It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on age or for filing an age discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under the ADEA.

In its lawsuit, the EEOC alleged that ILA, Local 1694 discriminated against an employee on the basis of age when it denied him the opportunity to participate in a training program in violation of the Age Discrimination Act of 1967 ("ADEA").

To resolve the case, ILA, Local 1694 and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) ILA, Local 1694 shall not discriminate on the basis of age in the future; (2) ILA, Local 1694 shall not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree; and (3) ILA, Local 1694 will provide training regarding its policy prohibiting age discrimination to the Executive Board in its Wilmington, Delaware facility.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the: Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

_____        _____
U.S. Equal Employment Opportunity           ILA, LOCAL 1694
Commission

DATED: _____           DATED: _____